*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT LEE SMITH III,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2025
12:45 PM

No. 374220
Roscommon Circuit Court
LC No. 2023-009218-FH

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

While intoxicated and driving, defendant struck and killed the victim when she was crossing a road. Defendant pleaded guilty to operating a vehicle while intoxicated causing death, but reserved the right to appeal the trial court's pretrial ruling precluding evidence and jury instructions relating to the victim's alleged gross negligence as a superseding cause of the accident. This Court granted defendant's application for leave to appeal. *People v Smith*, unpublished order of the Court of Appeals, entered February 28, 2025 (Docket No. 374220). Because the trial court did not err, we affirm.

## I. BACKGROUND

Defendant was operating his pickup truck while intoxicated when he struck and killed the victim as she was crossing the road while walking her dog near a curved section of County Road 100 where it intersects with Luce Road. Body-camera footage showed that the accident took place on a two-lane road traversing Houghton Lake, in daylight, on a clear and sunny day. The sides of the road had open shoulder areas large enough to park a vehicle and were lined with houses. There were no visible crosswalks or sidewalks across the road, and there was no brush or vegetation blocking or inhibiting a driver's view of the roadway around the curve. Witnesses testified that it was normal for people, including the victim, to cross the road at that location.

Hillary and Richard Grundas were driving their pickup truck with their boat behind defendant at the time of the collision. Richard told police officers that when he came around the curve, he saw the victim crossing but that it "was last minute," that she "came out of nowhere," and that "it happened so fast." Hillary stated that the victim "panicked," hesitated, and did a stutter

step, then she began running across the road. Hillary continued that defendant swerved out into the other lane as the victim took off to run across the road, which resulted in the collision.

The Grundases stated to police officers at the scene that they believed that, although he had sufficient time, defendant did not apply his brakes before he struck the victim. Richard specifically asserted that defendant had "ample time to stop," and that when the Grundases stopped, it was not necessary to hit the brakes "that hard," even though they were towing a 13,000-pound boat. There was no evidence of any tire marks on the road, but a witness who heard, but did not see, the collision reported that he briefly heard tires screeching before the collision. The Grundases thought that defendant was not speeding, but they were about to call the police before the accident based on defendant's erratic driving all over the road.

Defendant's driver's license was suspended at the time, and the police arrested him at the scene. Laboratory analysis of his blood returned positive results for several drugs, including marijuana, fentanyl, and methamphetamine. He was charged with OWI causing death, MCL 257.625(4), operating a vehicle while license suspended, MCL 257.904(3)(a), and operating a vehicle while license suspended causing death, MCL 257.904(4).

Defendant filed a pretrial motion seeking to introduce evidence of the victim's gross negligence as a superseding cause of the accident. He asserted that the victim's conduct, in crossing at the curve of the road and erratically darting across the road, was grossly negligent such that it constituted a superseding cause sufficient to negate criminal liability on his part. The trial court denied defendant's motion:

> Thus, the defendant has failed to show that a threshold determination that evidence of the victim's conduct is sufficiently probative for a showing of gross negligence. Crossing a street in broad daylight in a residential area . . . is absolutely . . . reasonably foreseeable . . . , and thus does not amount to conduct that supersedes or severs the proximate causal link. This is true even if one could conclude from the facts that the victim's conduct here was negligent. It is also entirely foreseeable that an individual walking across the street . . . on County Road 100, particularly in this area, would regularly occur in the summer months. It's also reasonably foreseeable that person might stop, while trying to cross the street, when they see a car coming, to quickly assess whether they should continue on or attempt to go back. All of that is entirely foreseeable and thus does not amount to gross negligence.

In its written order, the trial court barred defendant from introducing extrinsic evidence that the victim's actions amounted to gross negligence but made clear that defendant "is not prohibited from arguing that the State has failed to carry its burden of proof regarding the applicable elements of the pending charges. This includes argument that the State has failed to establish that the Defendant was the cause (cause in fact or proximate cause) of the victim's death."

Thereafter, defendant entered a plea of guilty to OWI causing death, while reserving his prerogative to seek leave to appeal the trial court's ruling on proximate cause. See MCR 6.301(C)(2). Pursuant to the plea agreement, the trial court dismissed the remaining charges. After receiving a sentence of 171 months' to 30 years' imprisonment, defendant pursued this appeal.

## II. ANALYSIS

### A. EVIDENCE PRECLUSION

On appeal, defendant first argues that the trial court erred by precluding evidence of the victim's conduct for the purpose of establishing her gross negligence. "A trial court's decision whether to admit or exclude evidence will be affirmed in the absence of a clear abuse of discretion." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). "The trial court abuses its discretion when its decision is outside the range of principled outcomes." *Id*. The Court reviews "de novo the trial court's rulings on preliminary questions of law regarding the admissibility of evidence, such as the application of a statute or rule of evidence." *Id*.

An element of OWI causing death is causation, which the prosecutor would be required to prove beyond a reasonable doubt. *People v Feezel*, 486 Mich 184, 193; 783 NW2d 67 (2010). The Supreme Court described how to look at causation for OWI causing death:

> Accordingly, in examining the causation element of [OWI] causing death, it must first be determined whether the defendant's operation of the vehicle was a factual cause of the victim's death. If factual causation is established, it must then be determined whether the defendant's operation of the vehicle was a proximate cause. In doing so, one must inquire whether the victim's death was the direct and natural result of the defendant's operation of the vehicle and whether an intervening cause may have superseded and thus severed the causal link. While an act of God or the *gross* negligence or intentional misconduct by the victim or a third party will generally be considered a superseding cause, *ordinary* negligence by the victim or a third party will not be regarded as a superseding cause because ordinary negligence is reasonably foreseeable. [*People v Schaefer*, 473 Mich 418, 438-439; 703 NW2d 774 (2005) (cleaned up).]

Defendant does not dispute that his driving was a factual cause of the victim's death. Instead, defendant argues that his operation of the vehicle was not a proximate cause because the victim's gross negligence was an intervening cause, therefore severing the causal link.

The question is "whether the intervening cause was foreseeable based on an objective standard of reasonableness." *Schaefer*, 473 Mich at 437.

> Gross negligence or intentional misconduct on the part of a victim is considered sufficient to break the causal chain between the defendant and the victim because it is not reasonably foreseeable. Gross negligence, however, is more than an enhanced version of ordinary negligence. It means wantonness and disregard of the consequences which may ensue. Wantonness is defined as conduct indicating that the actor is aware of the risks but indifferent to the results and usually suggests a greater degree of culpability than recklessness. [*Feezel*, 486 Mich at 195-196 (cleaned up).]

Anything less than gross negligence "constitutes, at most, merely a contributory cause of death, in addition to the defendant's conduct." *Bailey*, 451 Mich at 679.

The Supreme Court in *Feezel*, 486 Mich at 202, directed trial courts to "make a threshold determination that evidence of the victim's conduct is sufficiently probative for a proper purpose—to show gross negligence"—before admitting evidence of the victim's conduct as a superseding cause. Accordingly, "if a trial court cannot come to the conclusion that a reasonable juror could view the victim's conduct as demonstrating a wanton disregard of the consequences that may ensue," then evidence of the victim's conduct is not relevant to establish a superseding cause premised on the victim's gross negligence. *Id*. (cleaned up).

We agree with the trial court that defendant failed to show a threshold determination that evidence of the victim's conduct was sufficiently probative for a showing of gross negligence. It was reasonably foreseeable to a driver like defendant that pedestrians like the victim would be walking across County Road 100, including near the curve where Luce Road intersects it. It is evident from the body-camera footage that the accident occurred on a clear and sunny day, and that the roadway in the area of the accident traversed a recreational lake with houses along it. The body-camera footage also showed that the roadway in that area had a large open shoulder that was not obstructed by vegetation or structures, and appeared to indicate that an approaching driver would be able to see the roadway ahead through the curve. Further, a witness stated that many persons walked their dogs and crossed where Luce Road intersected County Road 100. On the basis of this evidence, we agree that it was reasonably foreseeable that a pedestrian, such as the victim, would be crossing County Road 100 as defendant encountered her.

Although witnesses indicated that the victim appeared suddenly as defendant came around the curve, there was no evidence suggesting that the victim did anything more than misjudge the situation. There was no indication that she entered the road with a blind disregard for vehicular traffic, intentionally impeded traffic by standing in the road, or crossed in disregard of any signage warning of a dangerous curve. The circumstances therefore suggest, at most, that the victim might have been merely negligent in crossing the road as she did. Defendant also asserts the victim violated certain Michigan pedestrian laws, and therefore was negligent. Although a violation of a statute "creates a rebuttable presumption of negligence," *Randall v Michigan High Sch Athletic Ass'n*, 334 Mich App 697, 721; 965 NW2d 690 (2020), at issue here is the victim's gross negligence, not ordinary negligence.

We also disagree with defendant's assertion that the victim's erratic movements as she crossed the road evidenced "an indifference to a risk" sufficient to establish gross negligence. Again, Hillary Grundas explained that, as the victim was near the centerline, she did a "stutter step," suggesting that she tried to avoid defendant's oncoming vehicle. It was reasonably foreseeable that, in light of the dire circumstances that the victim faced upon realizing that defendant's vehicle might strike her, she would hesitate while assessing her options and then attempt to run to the other side of the road. Moving hurriedly, or even erratically, to try to avoid defendant's oncoming vehicle was entirely foreseeable. Again, the victim's snap decision might have constituted ordinary negligence at most.

For these reasons, we agree with the trial court that the evidence could not reasonably support the conclusion that the victim's decision to cross County Road 100 as she did could have constituted a superseding cause that severed the causal link between defendant's operation of the vehicle and the accident. We disagree with defendant's contention that the trial court impermissibly usurped the role of the jury by preemptively precluding evidence of the victim's

gross negligence. Although limited evidence was presented at the motion hearing (primarily the body-camera footage), defense counsel indicated that he was not offering any specific evidence (such as expert opinion) beyond the facts of the case about the victim's conduct to establish that she was grossly negligent. Nor does defendant on appeal explain what additional evidence might have existed that would have been probative of gross negligence and precluded from evidence because of the trial court's order.

Moreover, the trial court's ruling precluding evidence of the victim's purported gross negligence did not prevent defendant from challenging the element of proximate causation. Regarding whether the accident was "a direct and natural result" of defendant's operation of his vehicle, evidence and argument relating to the circumstances of the accident, including the victim's conduct in crossing the road, remained relevant and admissible. Therefore, the trial court did not abuse its discretion by precluding defendant from introducing extrinsic evidence of the victim's actions in hopes of proving gross negligence.

## B. JURY INSTRUCTIONS

As for defendant's arguments that the trial court abused its discretion in denying defendant's jury instruction request regarding the victim's gross negligence, those arguments fail for the same reasons as his arguments for evidence preclusion. We review de novo jury instructions that involve questions of law, but review for an abuse of discretion "a trial court's determination whether a jury instruction is applicable to the fact of the case." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (cleaned up).

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Rodriquez*, 463 Mich 466, 472; 620 NW2d 13 (2000). "It is the function of the trial court to clearly present the case to the jury and instruct on the applicable law." *People v McKinney*, 258 Mich App 157, 162; 670 NW2d 254 (2003). "Accordingly, jury instructions must include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence." *Id.* at 162-163. Therefore, "defendant's request for a jury instruction on a theory or defense must be granted if supported by the evidence." *Id.* at 163. "Conversely, an instruction that is without evidentiary support should not be given." *People v Wess*, 235 Mich App 241, 243; 597 NW2d 215 (1999).

Here, while denying defendant's request for an instruction on gross negligence, the trial court stated that it would provide the standard jury instruction for OWI causing death. M Crim JI 15.2a(6) incorporates the element of proximate causation; the death or serious injury "must have been a direct and natural result of operating the vehicle." The use notes of the standard jury instructions direct the trial court to review *Schaefer*, 473 Mich at 438-439, if defendant "claimed that the defendant's operation of the vehicle was not a proximate cause" of death "because of an intervening, superseding cause." But, a criminal defendant is entitled to jury instructions on defenses that are supported by the evidence. *McKinney*, 258 Mich App at 162-163. As discussed, defendant proffered no evidence from which a jury could reasonably conclude that the victim's conduct displayed a wanton disregard for, or indifference to, the risks of crossing the street. See *Feezel*, 486 Mich at 195-196. Therefore, the trial court did not abuse its discretion by refusing to provide such an instruction.

We disagree with defendant's contention that refusing to instruct the jury on gross negligence as a superseding cause deprived him of the opportunity to have a jury fully and fairly consider evidence of the victim's conduct when determining proximate cause. Not only did the proffered evidence not support the theory of gross negligence, the pertinent standard jury instruction offered adequate information regarding proximate cause, i.e., that the prosecutor must prove beyond a reasonable doubt that the victim's death was a direct and natural result of defendant's operation of his vehicle, while protecting defendant's right to challenge that element. For these reasons, we conclude that the trial court's ruling did not unfairly deprive defendant of his right to have a properly instructed jury.

## C. CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

Further, the trial court's preclusion of evidence and lack of jury instruction relating to gross negligence did not deny defendant his constitutional rights to present a defense. We review de novo whether defendant was denied his constitutional right to present a defense. See *King*, 297 Mich App at 472. "A criminal defendant has a state and federal constitutional right to present a defense." *People v Kurr*, 253 Mich App 317, 326; 654 NW2d 651 (2002); US Const, Ams VI, XIV; Const 1963, art 1, § 13. "Few rights are more fundamental than that of an accused to present evidence in his or her own defense." *People v Un*ger, 278 Mich App 210, 249; 749 NW2d 272 (2008).

But, defendant's "right to present evidence in his defense is not absolute." *Id.* at 250. Defendant "must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008) (cleaned up). "Accordingly, the right to present a defense extends only to relevant and admissible evidence." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016) (cleaned up). Therefore, a criminal defendant's right to present a defense is not "infringed by MRE 402, which simply bars the admission of irrelevant evidence." *Unger*, 278 Mich App at 250.

The trial court's ruling regarding evidence and instructions did not preclude defendant from challenging the element of proximate causation at trial. Although defendant argues that the evidence relating to the victim's negligence was relevant, it is difficult for the trial court and this Court to determine its relevancy without knowing what specific evidence defendant intended to introduce. Defendant did not need a jury instruction on superseding cause when he could instead challenge the proximate causation element, which the jury would have been instructed on. Therefore, precluding the jury from considering defendant's unsupported theory of superseding cause did not violate defendant's constitutional right to present a defense.

## III. CONCLUSION

Because we agree that the victim's gross negligence was not in issue, we conclude that the trial court did not err by precluding evidence of the victim's gross negligence for the purpose of establishing a superseding cause. The trial court also did not err by denying defendant's request

for an attendant jury instruction regarding gross negligence.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi